[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In preparing this memorandum, the court reviewed the following: the April 2, 2002 decision; the transcript from the July 23, 2002 hearing; exhibits from the July 23, 2002 hearing; the defendant's claim for relief dated July 23, 2002; the plaintiff's claim for relief dated July 23, 2002; the defendant's amended claim for relief dated August 29, 2002; the defendant's affidavit in support of application for fees and expenses dated August 30, 2002; the plaintiff's supplemental claim for relief dated September 3, 2002; the plaintiff's affidavit in support of application for fees and expenses dated September 3, 2002; the defendant's objection to plaintiff's supplemental claims for relief and fees dated September 3, 2002; and the plaintiff's objection to the defendant's objection to the plaintiff's supplemental claims for relief and fees dated September 12, 2002.
 CALCULATIONS
The plaintiff is entitled to a credit, in part, for the Social Security benefits paid to the son.
To calculate the amount owed by the plaintiff and the credit due him, it is necessary to examine four time periods: January 1, 1999 to December 31, 1999; January 1, 2000 to February 29, 2000; March 1, 2000 to January 31, 2001; and February 1, 2001 to June 22, 2001.
January 1, 1999 to December 31, 1999: The plaintiff was obligated to pay the defendant $126.50 a week for fifty-two weeks in 1999. The plaintiff's total child support obligation for 1999 was $6578. Based on the evidence submitted by the parties, the plaintiff paid a total of $6,443 toward his support obligation, resulting in an arrearage of $135. (Exhibits E: plaintiff's earnings statements; F: payment record.) The parties' son was not receiving social security dependency benefits on the earnings record of the plaintiff in 1999, therefore, the plaintiff is not entitled to a credit and is obligated to pay the defendant $135. CT Page 14716
A review of the plaintiff's earnings statements reveals that $4680.50 was withheld from the plaintiff's paychecks in 1999. (Exhibit E.) The defendant asserts in her claim for relief, however, that $2783 was paid by wage withholding during this time period. According to the plaintiff's earnings statements, $1897.50 was withheld from the plaintiff's paychecks between January 1, 1999 and April 22, 1999, and $2783 was withheld between May 6, 1999 and October 21, 1999, for a total of $4680.50. (Exhibit E.)
 $4,680.50 wage withholding (Exhibits E, F.) 1,762.50 personal checks (Exhibits E, F.)
$6,443.00 total paid by the plaintiff in 1999
 $6,578.00 amount due in 1999 -6,443.00 amount paid by the plaintiff in 1999
135.00 amount the plaintiff owes for 1999
January 1, 2000 to February 29, 2000: The plaintiff was obligated to pay the defendant $126.50 a week from January 1, 2000 to February 29, 2000 (eight weeks). The plaintiff's total child support obligation for this time period was $1012. Based on the evidence submitted by the parties, the plaintiff paid a total of $762.65 toward his support obligation, resulting in an arrearage of $249.35. (Exhibits E, F.) The parties's son was not receiving social security dependency benefits on the earnings record of the plaintiff during this time period, therefore, the plaintiff is not entitled to a credit and is obligated to pay the defendant $249.35 for child support for January 1, 2000 to February 29, 2000.
 $257.65 wage withholding (Exhibits E, F.) 505.00 personal checks (Exhibits E, F.)
 $762.65 total paid by the plaintiff from January 1, 2000 to February 29, 2000
 $1,012.00 amount due for January 1, 2000 to February 29, 2000 - 762.65 amount paid by the plaintiff for January 1, 2000 to February 29, 2000
 $249.35 amount the plaintiff owes for January 1, 2000 to February 29, 2000
CT Page 14717
March 1, 2000 to January 31, 2001: The plaintiff was obligated to pay the defendant $126.50 a week from March 1, 2000 to January 31, 2001 (forty-eight weeks). The plaintiff's total child support obligation for this time period was $6072. Based on the evidence submitted by the parties, the plaintiff paid $3174.57 toward his support obligation. (Exhibits E, F.) On November 18, 2000, however, the defendant returned $250 to the plaintiff. (Exhibit A: photocopy of the defendant's canceled check.) The plaintiff has therefore paid the defendant a total of $2924.57, which results in an arrearage of $3147.43 for this time period. Effective March 1, 2000, however, the parties' son was awarded social security dependency benefits on the earnings record of the plaintiff. (Exhibit D: award letter from the Social Security Disability Administration.) The son received a lump sum payment from the Social Security Administration in the amount of $7328. (Exhibit D.) Because this lump sum payment was for the time period of March 2000 through January 2001 (Exhibit D), the plaintiff is entitled to a credit toward the arrearage for this time period. The plaintiff, therefore, does not owe the defendant any child support for March 2000 through January 2001 because the amount of the lump sum social security dependency payment exceeds the amount of the arrearage. The plaintiff, however, is not entitled to a credit or reimbursement of the remainder of the lump sum payment. "[T]he excess . . . must be regarded . . . as a gratuity to the [child]." (Internal quotation marks omitted.) Tarbox v. Tarbox, supra,31 Conn.L.Rptr. 623.
 $651.57 wage withholding (Exhibits E, F.) 2,523.00 personal checks (Exhibits E, F.)
 $3,174.57 - 250.00 returned by the defendant to the plaintiff (Exhibit A)
 $2,924.57 total paid by the plaintiff from March 1, 2000 to January 31, 2001
 $6,072.00 amount due for March 1, 2000 to January 31, 2001 -2,924.57 amount paid by the plaintiff from March 1, 2000 to January 31, 2001
 $3,147.43 amount the. plaintiff owes -3,147.43 credit for lump sum award for social security dependency benefits
$0.00 amount the plaintiff owes for March 1, 2000 to CT Page 14718 January 31, 2001
February 1, 2001 to June 22, 2001: The plaintiff was obligated to pay the defendant $126.50 a week from February 1, 2001 to June 22, 2001 (twenty-one weeks). The plaintiff's monthly child support obligation was $506. Based on the evidence submitted by the parties, the plaintiff paid, via wage withholding, his total child support obligation ($506) for the month of February 2001. (Exhibits E, F.) The defendant, however, returned $625 to the plaintiff on February 16, 2001. (Exhibit B: photocopy of the defendant's canceled check.) Except for the child support payments made in February 2001, there were no additional child support payments made by the plaintiff. Beginning in February 2001, however, the parties' son began receiving monthly social security dependency benefits on the earnings record of the plaintiff. (Exhibit D.) The son received a check in the amount of $685 each month. (Exhibit D.) Because the social security dependency payments for the months of February 2001 through June 2001 exceeded the plaintiff's child support obligation, the plaintiff is entitled to a credit toward the amount due for each month. The plaintiff, therefore, does not owe the defendant any child support for the months of February 2001 through June 2001 because the monthly social security payments exceed the amount the plaintiff owes for each month. The plaintiff, however, is not entitled to a credit or reimbursement for the remainder of the monthly social security payments.
 Summary of Calculations
Based on the forgoing, the plaintiff owes the following to the defendant for child support:
 $135.00 January 1, 1999 to December 31. 1999 249.35 January 1, 2000 to February 29, 2000 0.00 March 1, 2000 to January 31, 2001 0.00 February 1, 2001 to June 22, 2001
$384.35 Total amount owed by the plaintiff
Because the defendant owes the plaintiff $21,000 as full and final settlement of the marital estate, the defendant is entitled to offset the amount she owes the plaintiff with the amount the plaintiff owes in child support. The defendant therefore owes the plaintiff $20,615.65. This amount is to be paid by the defendant to the plaintiff within twenty-one days of this order.
 CONTEMPT and ATTORNEY'S FEES
CT Page 14719
There is no finding of contempt and no counsel fees are awarded to either party.
____________, J. CUTSUMPAS CT Page 14720